Conal Doyle, Bar #: 227554
conal@conaldoylelaw.com
Stephen Beke, Bar #: 290972
sbeke@conaldoylelaw.com
DOYLE LAW, APC
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Telephone: 310-385-0567
Fax: 310-943-1780

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSENIO COLOMA and PRISCILLA COLOMA,<br><br>PLAINTIFFS,<br><br>v.<br><br>UNITED STATES OF AMERICA; JEFFREY J. CARTER, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE ("FTCA"); and<br>2. LOSS OF CONSORTIUM. |

COME NOW Plaintiffs ARSENIO COLOMA and PRISCILLA COLOMA, who complain of Defendants THE UNITED STATES OF AMERICA, JEFFREY J. CARTER, and/or DOES 1-10, and each of them, and allege by their counsel as follows:

**PARTIES**

1. At all relevant times, Plaintiff ARSENIO COLOMA was, and is, a resident of the State of California, County of Los Angeles. At all relevant times, Plaintiff PRISCILLA COLOMA was, and is, the wife of Plaintiff ARSENIO

1

COLOMA.

2. Defendant THE UNITED STATES OF AMERICA is a sovereign government amenable to suit for civil liability under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.

3. Upon information and belief, Defendant JEFFREY J. CARTER was, at all relevant times, a resident of the State of California, County of Los Angeles.

4. At all relevant times, Defendant JEFFREY J. CARTER was employed by Defendant UNITED STATES OF AMERICA through the United States Postal Service, and was acting in the course and scope of his employment for that government entity.

5. Upon information and belief, Defendants, and DOES 1-3, inclusive, and each of them, were, at all relevant times, officers, directors, agents, members, managers, supervisors, and/or employees of Defendant UNITED STATES OF AMERICA, and/or of other government entities in the State of California, County of Los Angeles, involved in causing the collision that injured Plaintiff ARSENIO COLOMA on or about October 13, 2020.

6. Upon information and belief, Defendant DOES 4-6, inclusive, and each of them, at all relevant times, owned, operated, maintained, controlled, supervised, and/or entrusted the vehicle that collided with Plaintiff ARSENIO COLOMA on or about October 13, 2020, and/or were otherwise involved in causing that collision.

7. Upon information and belief, Defendant DOES 7-10, inclusive, and each of them, at all relevant times, owned, operated, maintained, controlled, supervised, and/or entrusted other vehicles involved in causing the collision that injured Plaintiff ARSENIO COLOMA on or about October 13, 2020, and/or were otherwise involved in causing that collision.

8. Plaintiffs are ignorant of the true names and capacities of the defendants sued as DOES 1-10, inclusive, and therefore sue these defendants by

fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when these are discovered.  Upon information and belief, each of the fictitiously-named defendants is responsible in some manner for the occurrences alleged, and for the damages suffered by Plaintiffs.

9. At all relevant times, the acts of any DOE Defendants that were business entities or unincorporated associations—and/or the alter egos, successors, or successors-in-interest thereof—were duly authorized, ordered, and/or directed by the defendant's officers, directors, managers, and/or employees, and those DOE Defendants participated in the acts and conduct of their employees, agents, and representatives, and each of them, and the defendant business entities individually and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and/or consented to, the acts and omissions of their corporate employees, managing agents, directors, executives, and representatives.  At all relevant times, the business entity defendants retained the ability to exercise, and in fact exercised, substantial control, whether contractual, actual, implied, or otherwise, over the means and manner in which the remaining defendants conducted their business, and had the power to influence the remaining defendants.

10. As to any DOE Defendants subject to "alter ego liability," Plaintiffs allege upon information and belief that, at all relevant times, there existed such a unity of interest and ownership among those defendants, such that any separateness ceased to exist, and such that one defendant was a mere shell or instrumentality through which the other defendants carried out their business, and that each defendant exercised such complete control over the other and so dominated it to achieve individual goals, and so ignored business formalities, that any separateness was merely a fiction, and did not in fact exist, and as such.  If Plaintiffs allege acts or omissions against one such defendant, Plaintiffs further allege that that defendant also acted on behalf of its alter egos; injustice would result but for the finding of alter ego liability as to those defendants, and this Court should therefore

pierce the corporate veils for those defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiffs' claims for money damages against Defendant UNITED STATES OF AMERICA under: 28 U.S.C. § 1331 (as Plaintiffs' claims arise under the Federal Tort Claims Act (FTCA); 28 U.S.C. § 2671, *et seq.*; and 28 U.S.C. § 1346(b)(1).

12. Venue in this judicial district is proper under 28 U.S.C. § 1402(b), because this is the judicial district where the Plaintiffs reside, as well as the judicial district where the acts or omissions complained of occurred.

13. Plaintiffs filed Administrative Claims for negligence, personal injuries, and property damage on June 8, 2021 with: the United States Postal Service National Tort Center; the United States Postal Service, Los Angeles District; the United States Postal Service, Gardena Office; and the Federal Tort Claims Act Section/Torts Branch, Civil Division, United States Department of Justice. Neither Defendant UNITED STATES OF AMERICA nor the recipients above have either accepted, denied, or otherwise responded to Plaintiffs' Administrative Claims; those claims are thus deemed denied under 28 U.S.C. § 2675(a). Plaintiffs' Complaint for Damages is thus timely filed under 28 U.S.C. § 2401(b).

## GENERAL ALLEGATIONS

14. On October 13, 2020, Defendant JEFFREY J. CARTER, and/or DOES 4-6, and each of them, was operating a vehicle owned, maintained, controlled, and/or entrusted to him by Defendant UNITED STATES OF AMERICA, and/or DOES 1-3, and each of them.

15. On October 13, 2020, Defendant JEFFREY J. CARTER, and/or DOES 4-6, and each of them, and was operating the United States Postal Service vehicle within the course and scope of his employment with Defendant UNITED

STATES OF AMERICA, and/or DOES 1-3.

16. At around 11 p.m. on October 13, 2020, in or near the city of Gardena, California, Defendant JEFFREY J. CARTER, and/or DOES 4-6, while driving the United States Postal Service vehicle, caused a collision with a vehicle driven by Plaintiff ARSENIO COLOMA.

17. Plaintiff ARSENIO COLOMA thereby sustained serious injuries.

18. While within the course and scope of his employment with Defendant UNITED STATES OF AMERICA, and/or DOES 1-3, Defendant JEFFREY J. CARTER, and/or DOES 4-6, violated rules of the road set forth in statutes, ordinances, or regulations, including, but not limited to, sections of the California Vehicle Code, causing an injury to Plaintiff ARSENIO COLOMA that those statutes, ordinances, or regulations were designed to prevent. Defendant JEFFREY J. CARTER, and/or DOES 4-6, acted in a negligent and reckless manner, and with disregard for the safety, rights, and well-being of others, including Plaintiff ARSENIO COLOMA.

19. At all relevant times, Defendant UNITED STATES OF AMERICA, and/or DOES 1-3, was the owner, registrant, lessor, lessee, bailor and/or bailee of the vehicle operated by Defendant JEFFREY J. CARTER, and/or DOES 4-6. At all relevant times, Defendant UNITED STATES OF AMERICA, and/or DOES 1-3, expressly or impliedly permitted the Defendant JEFFREY J. CARTER, and/or DOES 4-6, and each of them, to use this vehicle.

20. At all relevant times, Defendant UNITED STATES OF AMERICA, and/or DOES 1-3, retained and/or exercised actual, implied, and/or contractual control over the day-to-day operations of the driver of the United States Postal Service vehicle, by and through its agents, servants, and by means of policies and procedures related to such things as employee/operator hiring, retention, training, and supervision.

**FIRST CAUSE OF ACTION -- NEGLIGENCE (FTCA)**

**(Against All Defendants and DOES 1-10)**

21. Plaintiffs restate and incorporate by reference all allegations contained in the prior paragraphs of this Complaint.

22. Upon information and belief, on or about October 13, 2020, Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARK, and/or DOES 1-10, and each of them, owed a duty of care to Plaintiff ARSENIO COLOMA.

23. Upon information and belief, Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARK, and/or DOES 1-10, and each of them, breached duties of care on or about October 13, 2020, in or near the city of Gardena, California, by, among other things, negligently or recklessly owning, operating, maintaining, controlling, supervising, and/or entrusting a United States Postal Service vehicle, such that, among other things, the vehicle violated statutes, ordinances, and/or regulations, including, but not limited to, sections of the California Vehicle Code, causing an injury to Plaintiff ARSENIO COLOMA that those statutes, ordinances, or regulations were designed to prevent, and/or Defendants breached other duties of care causing the collision that injured Plaintiff.

24. Upon information and belief, the negligence and/or recklessness of Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARK, and/or DOES 1-10, and each of them, legally, directly, and proximately caused the incident, and the injuries and damages suffered by Plaintiff ARSENIO COLOMA, in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial. As a legal, direct, and proximate result of the conduct of Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARK, and/or DOES 1-10, and each of them, Plaintiff ARSENIO COLOMA sustained property damage, and was injured in his health, strength, and activity,

sustaining injury to the body and shock and injury to the nervous system and person, all of which have caused, and continue to cause, Plaintiff great physical and mental pain, suffering, and anguish, all to his general damage in a sum in excess of the minimal jurisdictional requirements of the Court, according to proof at the time of trial.  As a legal, direct, and proximate result of the conduct of Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARK, and/or DOES 1-10, and each of them, Plaintiff ARSENIO COLOMA was required to, and did, employ physicians, surgeons, nurses, and other medical practitioners, and was required to, and did, incur medical and incidental expenses, in an amount to be shown according to proof at the time of trial.

## SECOND CAUSE OF ACTION -- LOSS OF CONSORTIUM
### (Against All Defendants and DOES 1-10)

25. Plaintiffs restate and incorporate by reference all allegations contained in the prior paragraphs of this Complaint.

26. At all relevant times, Plaintiffs ARSENIO COLOMA and PRISCILLA COLOMA were husband and wife.  Before Plaintiff ARSENIO COLOMA was injured due to the actions of Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARKE, and/or DOES 1-10, and each of them, Plaintiff ARSENIO COLOMA was able to, and did, perform his duties as a spouse.  After being injured due to the actions of Defendants, and as a proximate result thereof, Plaintiff ARSENIO COLOMA was unable to perform the necessary duties of a spouse.  As a direct and proximate result of the conduct of Defendants UNITED STATES OF AMERICA, JEFFREY J. CLARKE, and/or DOES 1-10, and each of them, and the injuries sustained by Plaintiff ARSENIO COLOMA, Plaintiff PRISCILLA COLOMA has suffered a loss of consortium, including the loss of the love, companionship, comfort, society, services, and affection of her husband, Plaintiff ARSENIO COLOMA, all to her damage in an amount in excess of the jurisdictional limits of this Court, according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PRISCILLA COLOMA prays for relief as follows:

1. For damages for loss of consortium.

WHEREFORE, Plaintiff ARSENIO COLOMA prays for relief as follows:

2. For special damages, according to proof at the time of trial;

3. For general damages, according to proof at the time of trial;

4. For an award of costs and/or fees, as permitted by law;

5. For an award of pre-judgment and post-judgment interest as permitted by law; and

6. For all such other and further relief that this Court may deem just and proper.

DATED: April 7, 2022                    DOYLE LAW, APC

                                        By:   /s/ Conal Doyle
                                        *Attorneys for Plaintiffs*